**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 30 2018

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

**JAMES T. SMILEY,**

                    **Plaintiff,**

   **-against-**

**KANA HOTELS, INC.,** a Tennessee
corporation; **HELM HR, LLC,** an Arkansas
foreign limited liability company; and **LYONS
HUMAN RESOURCES, INC.**, an Alabama
corporation,

                    **Defendants.**

Case No.: 4:18-cv- 624 - KGB

This case assigned to District Judge _Baker_

and to Magistrate Judge __Volpe__

---

Plaintiff James T. Smiley ("Plaintiff"), by and through undersigned counsel, files this

action against Kana Hotels, Inc., Helm HR, LLC, and Lyons Human Resources, Inc.

(collectively "Defendants"), alleging the following:

## NATURE OF THE ACTION

1.    This action seeks to recover for Plaintiff unpaid overtime compensation under the

Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), arising

out of hours he worked in his salary-paid position as Director of Food and Beverage ("DFB"), a

position below the level of general manager, in excess of 40 hours in any workweek at the

Courtyard by Marriott hotel in North Little Rock, AR.

## THE PARTIES

2.    Plaintiff James Smiley ("Plaintiff") is a resident of Cabot, Arkansas, within this

judicial district.

3.      Plaintiff worked as a salary-paid DFB for Defendants at the Courtyard by Marriott Little Rock North, 4339 Warden Road, North Little Rock, AR 72116.

4.      Plaintiff worked as a salary-paid DFB from August 23, 2017 until his resignation on January 15, 2018.

5.      As DFB, Plaintiff frequently worked over 40 hours per week in a workweek and received one or more paychecks on regularly scheduled pay dates within his period of employment that did not include overtime premiums.

6.      At all material times, Plaintiff was a covered employee under the FLSA.

7.      At all material times, Plaintiff was a covered employee under the AMWA.

8.      According to its website, http://www.kanahotelgroup.com/about/, Defendant Kana Hotels, Inc., a/k/a Kana Hotel Group, is a franchisee or operating partner with multiple hotel chains, and the Courtyard by Marriott Little Rock North is in its portfolio of hotels, http://www.kanahotelgroup.com/portfolio/.

9.      According to its filings with the Tennessee Secretary of State, Defendant Kana Hotels, Inc. ("Kana") may be served with process through its registered agent, Alpesh Patel, at 308 N. Peters Rd., Suite 100, Knoxville, TN 37922-2327.

10.     According to its filings with the Tennessee Secretary of State, Defendant Helm is a Tennessee limited liability company with its principal office at 201 South Court Street, Suite 700, Florence, AL 35630.

11.     Defendant Helm HR, LLC is registered as a Professional Employer Organization with the Alabama Department of Labor.
https://labor.alabama.gov/wc/peo/PEO_search_verify.aspx?peoidkey=641

12.     Defendant Helm is listed as Plaintiff's employer on Plaintiff's 2017 W-2 form, a redacted copy of which is attached hereto as Exhibit "A."

13.     On information and belief, Defendants Kana and Helm were co-employers of Plaintiff under a professional employer agreement, as defined in the Alabama Professional Organization Registration Act, AL Code § 25-14-3 (2017) ("APORA").

14.     According to its foreign limited liability company filings with the Arkansas Secretary of State, Defendant Helm HR, LLC ("Helm") may be served with process through its registered agent, Incorp Services, Inc., at 4250 Venetian Lane, Fayetteville, AR 72703.

15.     Defendant Lyons' website features information about its staffing, strategic workforce management and PEO services. https://www.lyonshr.com/about-us/.

16.     Defendant Lyons oversaw Plaintiff's hiring process, which included obtaining a background check and completion and filing of new hire paperwork. Plaintiff always sent documentation of his work hours to Lyons for payroll processing, and Lyons issued direct deposits to Plaintiff's checking account. A redacted copy of one of Plaintiff's paystubs is attached hereto as Exhibit "B."

17.     Archie Stringfield, the Courtyard by Marriott General Manager, filled out Plaintiff's Termination Record on a form supplied by Lyons, with instructions to fax the completed form and any unemployment claim he received to Lyons.

18.     On information and belief, Lyons, Kana, and Helm were co-employers of Plaintiff under the APORA.

3

19.     According to its corporate filings with the Alabama Secretary of State, Defendant Lyons Human Resources, Inc. ("Lyons") may be served with process through its registered agent, Bill Lyons, Jr., at 201 South Court Street, Suite 700, Florence, AL 35630.

20.     Defendants, individually and collectively, are an enterprise engaged in commerce that has annual gross sales of at least $500,000.

21.     Defendants, individually and collectively, are an enterprise engaged in commerce that has annual gross volume of sales in excess of one hundred fifty thousand dollars, exclusive of excise taxes at the retail level, which are separately stated.

## DEFENDANTS ARE A SINGLE ENTERPRISE AND SINGLE EMPLOYER

22.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA.  29 U.S.C. § 203(r)(1).

23.     At all material times. Defendants performed related activities through unified operation and common control for the common business purpose of operating Courtyard by Marriott North Little Rock.

24.     Defendants are engaged in related activities, *i.e.,* all activities which are necessary for the operation and maintenance of Courtyard by Marriott North Little Rock.

25.     Courtyard by Marriott North Little Rock is controlled by Kana Hotels, Inc., which owns or manages the hotel, and directs its operations and maintenance; Helm HR, LLC, which operates as a co-employer of the hotel's employees, managing HR functions, including income tax reporting functions; and Lyons Human Resources, Inc., which operates as co-employer of the hotel's employees, managing hiring, onboarding, payroll, and termination functions in Arkansas.

4

26.     Defendant Lyon's registered agent's address is the same as Helm's principal office address.

27.     Defendants Lyons and Helms also have at least two of the same officers, Bill Lyons and Bruce Cornutt, who are Managing Members of Helm HR LLC, as well as Chairman and President, HRO Outsourcing, respectively, of Lyons Human Resources, Inc.

28.     Kana, Helm and Lyons all had input, or failed to provide input, in their failure to compensate Plaintiff for his overtime hours as alleged in this complaint.

## JURISDICTION & VENUE

29.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

30.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendants as a covered enterprise operate a hotel in this judicial district, Plaintiff worked for, and received paychecks from his employment for, Defendant's covered enterprise, within this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

31.     Defendants are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

32.     Defendants employed Plaintiff as a salary-paid Director of Food and Beverage during the relevant period.

33.     Prior to the commencement of his employment, Plaintiff and Defendants agreed that his 40-hour workweek would include breakfast-cooking duties Monday through Friday, with the remainder of time spent performing other duties.

34.     During the first full workweek of Plaintiff's employment and every full workweek thereafter, Defendants required Plaintiff to work more than 40 hours per week, often performing food preparation-related duties that had been designated for employees whom Plaintiff supervised.

35.     In some workweeks, Defendants required Plaintiff to work six (6) days, including days when he sometimes worked two (2) shifts.

36.     Defendants maintained control, oversight, and discretion over the operation of the Courtyard by Marriott North Little Rock, including their employment practices with respect to Plaintiff.

37.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into it.

38.     Consistent with the Defendants' policy, pattern and practice, Plaintiff worked over 40 hours in one or more workweeks, but Plaintiff did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as DFB in excess of 40 in those workweeks.

39.     The work that Plaintiff performed was assigned by Defendants, and/or Defendants were aware of all the work that Plaintiff performed.

40.     The work that Plaintiff performed as part of his primary duty required little skill and no capital investment.

41.     The work that Plaintiff performed as part of his primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

42.     Plaintiff's primary job duties included:

6

    a.       preparing food;

    b.       filling to-go orders;

    c.       cleaning;

    d.       making sure that self-service food coolers were properly stocked; and

    e.       checking inventory.

43.     Plaintiff's primary job duties did not include:

    a.       hiring;

    b.       firing;

    c.       disciplining other employees;

    d.       preparing budgets;

    e.       final scheduling (Plaintiff's preliminary scheduling was changed by the General Manager in response to hotel occupancy rates); or

    f.       exercising meaningful independent judgment and discretion.

44.     Plaintiff's primary duties were manual and/or non-managerial in nature.

45.     The performance of manual labor and food, beverage, and customer service duties occupied the majority of Plaintiff's working hours.

46.     Defendants internally classified, and paid, Plaintiff as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

47.     Defendants' conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken to minimize labor costs by not paying overtime premiums to Plaintiff. Defendants knew that Plaintiff was performing work that complied with any FLSA exemption and they acted willfully or recklessly in failing to classify Plaintiff as a non-exempt employee.

48.     During the relevant period, Defendants were aware or should have been aware, that Plaintiff in his DFB position was primarily performing non-exempt duties.

49.     During the relevant period, Defendants knew or recklessly disregarded the fact that the FLSA required them to pay Plaintiff an overtime premium for hours worked in excess of 40 per workweek.

50.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes but it is not limited to:

a.      willfully misclassifying Plaintiff as exempt from the requirements of the FLSA;

b.      willfully failing to pay Plaintiff overtime wages for hours that he worked in excess of 40 hours per week;

c.      requiring Plaintiff to perform primarily non-exempt tasks; and

d.      willfully failing to provide enough money in its Food and Beverage labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing Plaintiff to perform additional non-exempt tasks.

51.     Defendants' willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendants failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff.

52.     Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiff during the relevant period.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**

53.     All previous paragraphs are incorporated as though fully set forth herein.

8

54.     At all relevant times, Defendants have been, and continue to be, an employer enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     Plaintiff was an employee of Defendants within the previous three (3) years of the filing of this Complaint.

56.     Defendants were aware or should have known that Plaintiff worked in excess of 40 hours per week for most of his employment with them.

57.     Defendants were aware or should have known that Plaintiff was misclassified as an employee exempt from the overtime payment requirement of the FLSA.

58.     Defendants were aware or should have known about the FLSA overtime payment requirement, and that Plaintiff was entitled to one and one-half times the regular rate of pay for all hours worked in excess of 40 in a workweek.

59.     Defendants failed to pay Plaintiff one and one-half times the regular rate of pay for all hours worked in excess of 40 in a workweek.

60.     Defendants' failure to properly compensate Plaintiff as required by the FLSA was willful.

61.     By failing to pay Plaintiff his overtime rate for time worked in excess of 40 hours in a workweek, Defendants violated the FLSA and caused Plaintiff financial damage.

62.     As a result of Defendants' FLSA violations, Plaintiff is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29

U.S.C. § 216(b) and the federal rules.

**SECOND CAUSE OF ACTION:**
**(Violations of the AMWA)**

**A.      AMWA COVERAGE**

71.      All previous paragraphs are incorporated as though fully set forth herein.

72.      At all times throughout the relevant period, Defendants have been an employer within the meaning of the AMWA.

74.      During one or more workweeks of the relevant period, Plaintiff was an employee within the meaning of the AMWA.

75.      Plaintiff was employed by Defendants during the period of Plaintiff's DFB employment, was a covered employee entitled to the protections of the AMWA, and was not exempt from the protections of the AMWA.

76.      Plaintiff's former employer is not exempt from paying overtime benefits under the AMWA.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AMWA**

77.      All previous paragraphs are incorporated as though fully set forth herein.

78.      The AMWA requires that employees, including Plaintiff, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

79.      Plaintiff was not exempt from receiving overtime benefits under the AMWA during his period of DFB employment.

82.      Plaintiff worked more than forty (40) hours in workweeks during the relevant period, however, Defendants violated the AMWA by failing to pay Plaintiff any overtime premium for hours worked over 40 per week.

10

83.    Plaintiff has suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein, though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

84.    In violating the AMWA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable Arkansas law.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff prays for the following relief:

A.    An award of unpaid wages, due under the FLSA and AMWA, for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

B.    An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

C.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

D.    An award of pre-judgment and post-judgment interest at the highest rates allowed by law;

E.    An award of costs and expenses of this action together with reasonable attorney's fees; and

F.    Such other and further relief as this Court deems just and proper.

Dated: August 30, 2018.

Respectfully submitted,

SANFORD LAW FIRM, PLLC

**Josh Sanford**
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

C. Andrew Head, IL ARDC 6318974 *(pro hac vice admission application to be filed)*
Bethany A. Hilbert, IL ARDC 6280213 *(pro hac vice admission application to be filed)*
**HEAD LAW FIRM, LLC**
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
bhilbert@headlawfirm.com