**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JAMES T. SMILEY**                                                             **PLAINTIFF**

**v.**                 **CASE NO. 4:18-CV-624-KGB**

**KANA HOTELS, INC., a Tennessee**                          **DEFENDANT**
**Corporation; HELM HR, LLC, an Arkansas**
**Foreign limited liability company; and LYONS**
**HUMAN RESOURCES, INC., an Alabama**
**corporation.**

**JOINT MOTION TO DISMISS WITH PREJUDICE AND**
**FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, James T. Smiley, and Defendants, Kana Hotels, Inc., Helm HR, LLC, and Lyons Human Resources, Inc., by and through their undersigned attorneys, for their Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement, state:

1. Plaintiff filed this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b) and the Arkansas Minimum Wage Act, Ark (AMWA)., Ark. Code Ann. § 11-4-201, et seq. Plaintiff asserted that he was misclassified as exempt and, therefore, Defendants failed to pay Plaintiff for all overtime hours owed, resulting in the underpayment of overtime wages. Plaintiffs also sought liquidated damages and attorneys' fees. *Id*.

2. Plaintiff, along with Defendants, are collectively referred to in this Joint Motion as "the Parties."

3. Defendants dispute that Plaintiff was not properly classified as exempt. Thus, Defendants assert that Plaintiff was correctly compensated for all hours worked, including overtime. The Parties engaged in limited discovery regarding Plaintiff's time records, compensation, and issues related to the underlying merits of Plaintiff's claims.

4. Following negotiations, the Parties have entered into a Settlement Agreement and Release of Claims (Settlement Agreement) for Plaintiff resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records, by experienced counsel representing both parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties

understand the expense associated with further pleadings, a jury trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his claims and has individually concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation.

7. The Parties have reached an amicable resolution as to Plaintiff's individual claims. Accordingly, Plaintiff and Defendants jointly seek dismissal, with prejudice, of Plaintiff's claims in this action.

8. The parties then negotiated attorney's fees separately and without regard to Plaintiff's FLSA and AMWA claims. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, __ F.3d __, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018)("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Thus, this resolution sufficiently closes all matters before the Court and warrants dismissal without further litigation in accordance with the FLSA's and AMWA's interests.

9. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

10. In support of this Motion, the Parties will provide in camera, the Settlement Agreement and Release of Claims signed by Plaintiff and Defendants for court approval.

Wherefore, Plaintiff and Defendants request that the Court ender an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement.

Respectfully submitted,

Josh Sanford, AR Bar No. 2001037
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, AR   72211
Telephone:  (501) 221-0088
Facsimile:  (888) 787-2040
josh@sanfordlawfirm.com

C. Andrew Head, II, ARDC 6318974
Bethany A. Hilbert, IL ARDC 6280213
HEAD LAW FIRM, LLC
4422 N. Ravenwood Ave.
Chicago, IL  60640
Telephone: (404) 924-4151
Facsimile:  (404) 796-7338
ahead@headlawfirm.com
bhilbert@headlawfirm.com

/s/ Josh Sanford              _____

**ATTORNEYS FOR PLAINTIFF**

and

J. Bruce Cross (#74028)
**CROSS, GUNTER, WITHERSPOON**
   **& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone:  501-371-9999/Fax:  501-371-0035
bcross@cgwg.com
/s/ J. Bruce Cross              
**ATTORNEY FOR DEFENDANTS**